**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RITA M. LUDWIG,<br>517 Greenwood Avenue<br>Jenkintown, PA 19046,<br><div align="right">Plaintiff,</div><br>v.<br><br>APOTHAKER & ASSOCIATES, P.C.,<br>520 Fellowship Road C306<br>Mount Laurel, NJ 08054,<br>and<br>DAVID J. APOTHAKER, ESQUIRE,<br>Apothaker & Associates, P.C.<br>520 Fellowship Road C306<br>Mount Laurel, NJ 08054,<br>and<br>DISCOVER BANK,<br>12 Reads Way<br>New Castle, DE 19720,<br>and<br>DB SERVICING CORPORATION,<br>6500 New Albany Road<br>New Albany, OH 43054,<br><div align="right">Defendants.</div> | Civil Action No.:_____<br><br><br>**CIVIL ACTION COMPLAINT**<br>**&**<br>**DEMAND FOR JURY TRIAL** |

**I. PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for illegal acts and omissions of the above-named

defendants, who used false, deceptive, misleading, unfair, and unconscionable practices and

means in conjunction with attempts to collect an alleged debt and thereby violated the Fair Debt

Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA), and the Pennsylvania Fair Credit

Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6 (FCEUA), and Unfair Trade Practices and

Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 (UTPCPL).  Plaintiff seeks actual

damages, statutory damages, treble damages, costs, attorney's fees, declaratory relief, and

injunctive relief.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under FDCPA, 15 U.S.C. § 1692k(d), FCEUA, 73 P.S. § 2270.5(b), and 28 U.S.C. §§ 1331 (federal question) and 1367(a) (supplemental jurisdiction).

3.      Venue is appropriate in this federal district, pursuant to 28 U.S.C. § 1391, because events and omissions giving rise to Plaintiff's claims occurred within this federal judicial district and because Defendants reside and/or regularly transact business within this federal judicial district.

## III. PARTIES

4.      Plaintiff is an adult individual residing at the address shown in the caption.

5.      Defendant Apothaker & Associates, P.C., ("Apothaker & Associates") is a professional corporation duly organized under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business located at the address shown in the caption.  Said Defendant also maintains a place of business at 2417 Welsh Road, Suite 21 #520, Philadelphia, PA 19114.

6.      Defendant David J. Apothaker, Esquire, ("Apothaker") is an adult individual who is an attorney licensed to practice law in the Commonwealth of Pennsylvania and is, or was at all times relevant hereto, a shareholder in and/or officer and/or employee of Apothaker & Associates.  Said Defendant maintains places of business as aforesaid for Apothaker & Associates.

7.      Apothaker & Associates is a law firm engaged in debt collection.

8.      Defendant Discover Bank is a federally insured bank duly organized under the laws of the state of Delaware, is a wholly owned subsidiary of Discover Financial Services

(Inc.), which is a corporation duly organized under the laws of the state of Delaware, and maintains a principal place of business located at the address shown in the caption.

9.      Defendant DB Servicing Corporation is a corporation duly organized under the laws of the state of Delaware, is a wholly owned subsidiary of Discover Financial Services (Inc.) and/or Discover Bank, and maintains a principal place of business located at the address shown in the caption.

10.     Discover Bank, at times relevant hereto, was in the business of issuing Discover Card to consumers, including, allegedly, Plaintiff.

11.     Discover Bank, at times relevant hereto, was a person to whom a debt was alleged to be owed.  Based on said definition, Discover Bank was a creditor within the meaning of FDCPA, 15 U.S.C. § 1692a(4), and FCEUA, 73 P.S. § 2270.3.

12.     DB Servicing Corporation, at times relevant hereto, was the servicing affiliate and/or agent for Discover Bank and performed the collection of delinquent accounts, including the one that had allegedly been opened for Plaintiff.

13.     With regard to said activity, DB Servicing Corporation acted as an independent contractor for Discover Bank.

14.     Discover Bank and DB Servicing Corporation, at times relevant hereto, were each a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts or who regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  As such, each was a debt collector within the meaning of FDCPA, 15 U.S.C. § 1692a(6), and FCEUA, 73 P.S. § 2270.3.

## IV. OPERATIVE FACTS AND CLAIMS FOR RELIEF

### COUNT I—VIOLATIONS OF FDCPA

15.     Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

16.     On August 29, 2011, Apothaker & Associates and Apothaker (collectively "the Apothaker Defendants"), on behalf of Discover Bank and/or DB Servicing Corporation (collectively "Discover"), commenced, against Plaintiff, in the Court of Common Pleas of Montgomery County, Pennsylvania, civil action number 2011-24587, by filing the civil action complaint a true and exact copy of which is attached hereto, incorporated herein, and marked as Exhibit "A."

17.     Apothaker verified said complaint.  A true and exact copy of said verification is attached hereto, incorporated herein, and marked as Exhibit "B."

18.     Defendants claimed, in said complaint, an obligation of $7,671.43 owed to Discover by Plaintiff as a result of an allegedly outstanding balance on a credit card account, with interest.

19.     At some point prior to the commencement of said action, said alleged account was closed.

20.     At some or all times relevant hereto, the Apothaker Defendants represented Discover with regard to said civil action and/or the attempted collection from Plaintiff on said alleged obligation.

21.     At all times relevant hereto, the Apothaker Defendants operated with Discover's full approval and authority and kept Discover fully informed of all its actions.

22.     Discover Bank was not the real party in interest in the matter and therefore not a party entitled to prosecute said action, pursuant to Pennsylvania Rule of Civil Procedure 2002.

23.     At all times relevant hereto, Discover's primary revenues came from interest income on loan receivables, securitization income derived from the transfer of credit card loan receivables to securitization trusts and subsequent issuance of beneficial interests through securitization transactions, and fees assessed from card holders, merchants, and issuers.  A true and exact copy of page 47 of the January 28, 2010 annual report for Discover Financial Services (Inc.), as filed with the United States Securities and Exchange Commission, is attached hereto, incorporated herein, and marked as Exhibit "C."

24.     To accomplish said credit card securitization, Discover Bank transferred its credit card receivables to a securitization trust, from which beneficial interests were issued to investors, or certificateholders.

25.     From at least 2002 through 2007, Discover Bank securitized more than half its outstanding credit card debt.

26.     Pursuant to the relevant pooling and servicing agreement, Discover Bank had sold, transferred, assigned, or otherwise conveyed the alleged account to the trust created by said agreement, for the benefit of its certificateholders.  A true and exact copy of said pooling and servicing agreement is attached hereto, incorporated herein, and marked as Exhibit "D."

27.     Said trust was not a subsidiary of Discover.

28.     As such, said trust was excluded from Discover's consolidated financial statements in accordance with accounting principles generally accepted in the United States ("GAAP").

29.     Because its said securitization activities qualified as sales under GAAP and accordingly were not treated as secured financial transactions, Discover removed credit card receivables equal to the amount of the investors' interests in its securitized loans from its consolidated statements of financial condition.

30.     Discover received consideration or compensation for said transferred assets.

31.     As the time of said transfer, Discover surrendered control over said assets transferred and, from the time of said transfer, no longer maintained effective control over said assets.

32.     Pursuant to said pooling and servicing agreement, Discover Bank had agreed, inter alia, to act as master servicer on behalf of the trustee of said trust, which was U.S. Bank National Association.

33.     U.S. Bank National Association was, at all times relevant hereto, a nationally chartered bank headquartered in Minneapolis, Minnesota.

34.     As such, all collections received by Discover on Plaintiff's account would be deposited by it into collections accounts maintained by said trustee in the name of the trust for the benefit of its certificateholders.

35.     Accordingly, because it was not beneficially interested in the balance claimed and was not acting in a fiduciary or representative capacity, as might have been disclosed in the caption and in its initial pleading, for any party that was beneficially interested, pursuant to Pennsylvania Rule of Civil Procedure 2002, Discover Bank was not the proper plaintiff in said collection action.

36.     Defendants, however, believed, presumably, that suing in the name of Discover Bank was more likely to produce their desired result than suing in the name of the perhaps proper entity.

37.     By suing on a debt that the collection plaintiff, Discover Bank, did not own, and by continuing to represent to Plaintiff that she owed such alleged debt to Discover, Defendants used false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt, in violation of FDCPA, 15 U.S.C. § 1692e; specifically, they falsely represented the character and/or legal status of a debt, in violation of FDCPA, 15 U.S.C. § 1692e(2)(A), and used a false representation or deceptive means to attempt to collect a debt, in violation of FDCPA, 15 U.S.C. § 1692e(10).

38.     Discover Bank's securitization scheme, as described, in short, above, allowed it to minimize its financial exposure in the event that credit card accounts that it had issued, including the one that had allegedly been issued to Plaintiff, would later default.

39.     As a result of its minimized risk of loss in the event of default, Discover was able to, and, in fact, did assess its card holders, among them Plaintiff, higher and increasing interest rates and a variety of other fees and charges, adding these amounts to the balance due and/or demanded.

40.     Plaintiff made payments to Discover, in response to its demands that Plaintiff pay the balance allegedly due.

41.     Moreover, Defendants' claims included interest, fees, and charges that were not expressly authorized by any agreement creating the debt or permitted by law, in violation of FDCPA, 15 U.S.C. § 1692f(1).

42.     As a result of Defendants' actions described herein, Plaintiff sustained injuries including but not limited to mental anguish, emotional distress, damage to credit and reputation, costs and attorney's fees to defend said collection action, and/or said payments to Discover.

43.     The Apothaker Defendants regularly collected and collect such alleged debts on behalf of Discover and knew or should have known about its aforesaid practices.

44.     Defendants' conduct herein described was, and is, part of a pattern or practice of which Plaintiff's experience is but one example.

45.     Defendants' conduct described herein was not limited to the circumstances described herein, but was and remains a habitual, systematic, ongoing, and unrelenting practice in Defendants' business model and practice.

46.     Defendants' practices continue unabated and will continue well beyond the end of this case if the requested declaratory and injunctive relief is not granted.

<u>COUNT II—VIOLATIONS OF FCEUA</u>

47.     Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

48.     Said alleged obligation was a debt within the meaning of FCEUA, 73 P.S. § 2270.3.

49.     Defendants violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

50.     Based on the facts set forth above, to the extent that it would be a creditor, Discover Bank violated FCEUA, 73 P.S. § 2270.4(b)(5), by using false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt,

§ 2270.4(b)(5)(ii), by falsely representing the character, amount, and/or legal status of a debt,

§ 2270.4(b)(5)(x), by using a false representation or deceptive means to attempt to collect a debt,

and § 2270.4(b)(6)(i), by attempting to collect an amount (including interest, fees, and charges)

not expressly authorized by any agreement creating the debt or permitted by law.

      51.     Pursuant to FCEUA, 73 P.S. § 2270.5(a), if a debt collector or creditor engages in

an unfair or deceptive debt collection act or practice under FCEUA, it shall constitute a violation

of Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-

9.3.

## V. PRAYER FOR RELIEF

      52.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her

favor and against Defendants, jointly and severally, as follows:

          (a)     Actual damages, including but not limited to costs and attorney's fees to

defend said collection action, pursuant to 15 U.S.C. § 1692k(a)(1) and 73 P.S. § 201-9.2(a).

          (b)     Treble damages, pursuant to 73 P.S. § 201-9.2(a).

          (c)     Statutory damages of $1,000.00 from each defendant, pursuant to 15

U.S.C. § 1692k(a)(2).

          (d)     Costs of this action together with a reasonable attorney's fee, pursuant to

15 U.S.C. § 1692k(a)(3) and 73 P.S. § 201-9.2(a).

          (e)     Such other and further relief as may be just and proper, including but not

limited to:

              (i)     A declaration that Discover Bank is not the proper plaintiff to sue

to collect receivables that it has securitized, and by doing so, it, its servicer, and its counsel

violate FDCPA, FCEUA, and/or UTPCPL; and

(ii)     An order enjoining Discover, during the pendency of this action and permanently thereafter, from suing to collect receivables that it has securitized, prosecuting or maintaining such a collection proceeding, and/or otherwise representing to a current or former consumer account holder that it remained the creditor or obligee with regard to such debt.

(iii)     An order enjoining Defendants, during the pendency of this action and permanently thereafter, from executing on any judgment obtained in any action to collect receivables that Discover Bank had securitized.

(iv)     An order enjoining Defendants to vacate any judgment obtained in any action to collect receivables that Discover Bank had securitized.

DATED:          February 26, 2012

s/ David E. Pearson
David E. Pearson (Pa. ID No. 090945)
6983 Weatham Street
Philadelphia, PA 19119
E-mail: DavidEP137@aol.com
Telephone:  (215) 849-1750
Facsimile:   (215) 849-1830
*Attorney for Plaintiff*

## VII. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff demands a trial by jury against Defendants, and each of them, for each cause of action so triable.

DATED:        February 26, 2012

<div align="right">

s/ David E. Pearson
_____
David E. Pearson (Pa. ID No. 090945)
6983 Weatham Street
Philadelphia, PA 19119
E-mail: DavidEP137@aol.com
Telephone:  (215) 849-1750
Facsimile:   (215) 849-1830
*Attorney for Plaintiff*

</div>