IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RITA M. LUDWIG | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| APOTHAKER AND ASSOCIATES, P.C., | : | |
| DAVID J. APOTHAKER, DISCOVER | : | |
| BANK, AND DB SERVICING | : | |
| CORPORATION | : | No. 12-1129 |

### ORDER

AND NOW, this 31st day of July, 2012, after a hearing on defendants' Motions to Dismiss plaintiff's First Amended Complaint (papers no. 17, 18), it appearing that:

A. Plaintiff Rita M. Ludwig ("Ludwig") opened a credit card account with defendants Discover Bank ("Discover") and DB Servicing Corporation ("DB Servicing").

B. Ludwig's account went into default in the amount of $7,671.43.

C. Discover brought a collection action against Ludwig in the Court of Common Pleas of Montgomery County. Defendants Apothaker and Associates, P.C. and David J. Apothaker (collectively "Apothaker") represented Discover in that action.

D. Ludwig filed this action against Discover, DB Servicing, and Apothaker for "false, deceptive, misleading, unfair, and unconscionable practices and means" in attempting to collect the credit card debt. Compl. ¶ 1 (paper no. 1).

E. Ludwig accuses Apothaker of violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Ludwig accuses Discover and DB Servicing of violating: (1) the FDCPA; (2) the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. §§ 2270.1–2270.6; and (3) the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 202-1 to 202-9.3.

F. Discover, DB Servicing, and Apothaker move to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Apothaker Mot. Dismiss (paper no. 17); Discover and DB Servicing Mot. Dismiss (paper no. 18).

G. To withstand a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court

must "accept as true all the allegations of the complaint and all inferences arising from them." *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

*FDCPA claims*

H.  Ludwig claims Apothaker, Discover, and DB Servicing violated the FDCPA by using misleading practices in attempts to collect her debt. First Amend. Compl. ¶ 1 (paper no. 16).

Claim against Apothaker

I.  Discover hired Apothaker to initiate debt collection proceedings on its behalf. Ludwig contends Apothaker "regularly collected . . . . debts on behalf of Discover and knew or should have known about" Discover's and DB Servicing's "pattern or practice" of not owning the debts Discover and DB Servicing sought to collect. First Amend. Comp. ¶¶ 47, 48 (paper no. 16).

J.  A "debt collector" is any person who uses interstate commerce for business, the "principal purpose of which is the collection of debts, or who regularly collects or attempts to collect . . . debts owed or due another." 15 U.S.C. § 1692a(6).

K.  The FDCPA does not require debt collectors to verify the status of the debt to be collected. An attorney is obligated to investigate the status of the debt only when the target of the collection disputes the debt. *See* 15 U.S.C. § 1692g.

L.  Ludwig presents no facts showing she disputed the status of her debt. The First Amended Complaint fails to allege specific facts showing Apothaker violated the FDCPA.

Claim against Discover and DB Servicing

M.  Ludwig admits Discover owned and serviced her account when the account went into default. Without any supporting facts, she suggests DB Servicing may have acquired her account after default. Opp. Mot. Dismiss at 3 (paper no. 20).

N.  Under FDCPA, the person who originates the debt or any person that obtains a debt prior to default is not a "debt collector." *See* 15 U.S.C. § 1692a(6)(F).

O.  Discover and DB Servicing are not debt collectors under FDCPA. *See* 15 U.S.C. § 1692a(6)(F).

P.  The First Amended Complaint fails to show Ludwig has a plausible claim for relief from Discover or DB Servicing; Ludwig fails to state a claim upon which relief can be granted under the FDCPA. *See* Fed. R. Civ. P. 12(b)(6).

The Motions to Dismiss the FDCPA claims will be granted.

*FCEUA and UTPCPL claims*

Q. Failure to state a claim under the FDCPA is also a failure to state a claim under the FCEUA and UTPCPL. 73 P.S. §§ 2270.4(a), 2270.5(a). Ludwig's FCEUA and UTPCPL claims against Apothaker, Discover, and DB Servicing fail to state a claim.

The Motion to Dismiss the FCEUA and UTPCPL claims will be granted.

R. Ludwig has failed to make any meaningful amendments to her complaint. Allowing Ludwig to further amend the complaint would be futile. The court will not grant Ludwig an opportunity to amend.

It is **ORDERED** that:

1. The Apothaker Motion to Dismiss (paper no. 17) is **GRANTED WITH PREJUDICE**.

2. The Discover's and DB Servicing's Motion to Dismiss (paper no. 18) is **GRANTED WITH PREJUDICE**.

/s/ Norma L. Shapiro

J.